[Civ. No. 9220. Third Dist. Feb. 26, 1957.]

THE PEOPLE et al., Petitioners, v. SUPERIOR COURT OF PLACER COUNTY et al., Respondents; WILLIAM HENRY CROSBY, Real Party in Interest.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Petitioners.

A. B. Broyer, District Attorney (Auburn) for Respondents.

William Henry Crosby, in pro. per., for Real Party in Interest.

PEEK, J.—Petitioners seek a writ of prohibition to prevent the respondent superior court of Placer County from further proceedings in action Number 20242 now pending in that court.

It appears that the respondent court has issued a writ of habeas corpus directing the petitioner Heinze as warden of Folsom State Prison to produce William Henry Crosby, the real party in interest herein, before said court for the purpose of inquiring into the cause of his imprisonment and detention pursuant to a proceeding previously filed by him in said court. Crosby is presently imprisoned at Folsom State Prison which is located in Sacramento County and was not at the time of the issuance of said writ, nor is he now, imprisoned within the county of Placer.

It is the established law of this state that: "The jurisdiction of . . . the superior court is limited to issuance on behalf of persons in actual custody in their respective counties, or to cases where one within the county has removed the subject therefrom in order to evade the writ and there is reason to suppose that he may be compelled to produce him, although the process of the superior court in the exercise of the jurisdiction is statewide. Thus, the superior court of a county other than the one in which the petitioner is detained ordinarily has no jurisdiction to entertain his petition for habeas corpus." (24 Cal.Jur.2d 525-526.)

Even if it could be argued that the writ previously issued by the respondent court was for the purpose of producing Crosby as a witness, it would be invalid since there is no showing whatever that it comes within the provisions of Penal Code, sections 2620 and 2621, nor were any proceedings taken thereunder.

Let the writ issue.

Van Dyke, P. J., and Schottky, J., concurred.